No. 541

MAYS, et v. MAYS

Ohio Appeals, 2d Dist., Montgomery Co.

No. 740.   Decided April 26, 1927.

419.   DOWER—Estates in Tail—Election of Widow—Where widow elects to take under will of her husband, she does not bar herself of dower in an estate in tail which was devised to her husband by his father, for her dower rights thus acquired, come to her by operation of law, and from a source other than from the estate of her husband.

First Publication of this Opinion

BY THE COURT.

John F. Mays died testate, without issue, devising his entire estate to his wife, Izora Mays, defendant in error herein. The testator took an estate in tail under the will of his father, Isaac Mays, by virtue of the following provision:—"To my son, John F. Mays and unto the heirs of his body, or if my son should die without issue or any heirs of his body surviving, then to my son, William T. Mays, and unto the heirs of his body."

The action brought in the Montgomery Common Pleas by Wm. T. Mays involved the right of testator's widow to dower in the estate devised.

The widow elected to take under the will of her husband. It seems that John Mays held an estate of inheritance whereby his widow became entitled, upon death, to a dower interest therein. It was claimed by Wm. T. Mays that by electing to take under the will of her husband, Izora Mays was barred from dower in the real estate devised to her husband in tail. Judgment in the Common Pleas was in favor of the widow. The Court of Appeals, upon error being prosecuted, held:—

1. It is clear, that by electing to take under the will, Izora Mays did not thereby bar herself of any rights which came to her from a source other than from the estate of her husband.

2. The dower which she would take in this estate came to her by operation of law in connection with the estate devised by Isaac Mays to his son John.

3. The contingent dower of the widow was not subject to the control of John Mays. It was an estate which he could neither give nor take away; but vested by operation of law.

4. The election contemplated by widows or widowers, implied a choice between rights or estates conferred under a will, and rights or an estate which a widow would otherwise take under the law from her husband.

5. Reference having been made to the personal property which the widow received under her husband's will, the widow, in this particular case (there being no issue) received nothing under the will that she would not have received under the law.

6. Before the widow could be barred by an election, there must have been two or more rights over which the husband had control and between which the widow must make a selection before such election could be plead as a bar. In the instant case, the husband had no control over his wife's dower in the estate which he held in tail, so that Izora Mays was entitled to dower in said estate.

Judgment affirmed.

(Ferneding, Kunkle & Allread, JJ., concur.)

Attorneys—Kreitzer & Ratchford for Mays et; Sigler & Delinger for Mays; all of Dayton.